IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF THE HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL UNION NO. 39; <br><br> INSULATORS AND ALLIED WORKERS LOCAL 39 MONEY PURCHASE PENSION PLAN; <br><br> INSULATORS AND ALLIED WORKERS LOCAL 39 HEALTH AND WELFARE FUND; <br><br> JOHN HANSON, in his capacity as Chairman of the Board of Trustees of the INSULATORS AND ALLIED WORKERS LOCAL 39 MONEY PURCHASE PENSION PLAN and the Chairman of the Board of Trustees of the INSULATORS AND ALLIED WORKERS LOCAL 39 HEALTH AND WELFARE FUND <br><br> v. <br><br> RIVER CITY THERMAL LLC <br> Registered Agent: Registered Agents Inc. <br> 200 S. 21st St. Suite 400A <br> Lincoln, Nebraska 68150 | Case No. _____ |

# COMPLAINT

## NATURE OF THE CASE

1. This is an action to collect delinquent fringe benefit contributions due and owing to the Plaintiff Funds by Defendant River City Thermal LLC pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreement (hereinafter "CBA") which require contributions to the Plaintiff Funds.

1

2.	Plaintiff International Association of the Heat and Frost Insulators and Allied Workers Local Union No. 39 (hereinafter the "Union") is a labor organization within the meaning of 29 U.S.C. § 152(3).

3.	Plaintiff Insulators and Allied Workers Local 39 Money Purchase Pension Plan (hereinafter the "Plaintiff Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration in Omaha, Nebraska.

4.	Plaintiff Insulators and Allied Workers Local 39 Health and Welfare Fund (hereinafter the "Plaintiff Health and Welfare Fund," collectively the "Plaintiff Funds") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration in Omaha, Nebraska.

5.	John Hanson is the Business Manager of the Plaintiff Union, and the Chairman of the Boards of Trustees of the Plaintiff Funds.

6.	Defendant River City Thermal LLC is a limited liability company organized and existing under the laws of the State of Nebraska, and is an employer within the meaning of 29 U.S.C. § 1002(5) and 29 U.S.C. § 152(2). Defendant's principal place of business is located at 434 N 19th St, Blair, NE 68008, and its registered agent is located at 200 S. 21st St. Suite 400A, Lincoln, Nebraska 68150.

**JURISDICTION**

7.	This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§185(c), 1132, and 1145, as well as under 28 U.S.C. §§ 1331 and 1367(a).

8.	Venue is appropriate in this district pursuant to 29 U.S.C. §1132(e)(2) because the Plaintiff Funds are administered in Omaha, Nebraska, because the Defendant entered into a collective bargaining agreement with the Plaintiff Union which forms the basis of this suit in

Omaha, Nebraska, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Nebraska.

### COUNT I: DELINQUENT CONTRIBUTIONS

9. Plaintiffs hereby incorporate paragraphs 1 through 8 as if fully set forth herein.

10. In or around 2022, Defendant became signatory to a collective bargaining agreement between the Plaintiff Union and the Midwest Insulation Contractors Association of Nebraska (the "CBA").

11. Under Article 8 of the CBA, Defendant is obligated to remit fringe benefit reports and contributions to the Plaintiff Funds based on the number of hours of covered work performed by its bargaining unit employees, at the rates set forth therein.

12. Article 8 of the CBA requires that employers remit contributions to the Plaintiff Funds by the fifteenth (15th) day of the month following the month in which the contributions are earned by the employees. Payments which are not postmarked on or before the fifteenth (15th) of the month are assessed liquidated damages in the amount of ten percent (10%) of the total amount due.

13. Under the CBAs and incorporated Trust Agreements, the Plaintiffs are entitled to perform a periodic audit of Defendant's payroll books and records to determine the accuracy of Defendant's self-remitted fringe benefit reports, and to determine whether additional amounts may be due and owing to the Plaintiffs.

14. Under the CBAs and incorporated Truste agreements, and pursuant to Section 502(g) of ERISA, in an action brought by the Plaintiff Funds to enforce a signatory contractor's contribution obligations, the Plaintiff Funds are entitled to collect unpaid contributions, interest

on such unpaid contributions, liquidated damages at the rate set forth in the CBA, as well as reasonable attorneys' fees and the costs of the action.

15. Based on reports remitted to the Plaintiff Funds by Defendant, from the time period of December 2024 through April 2025, Defendant's bargaining unit employees performed at least 932 hours of covered work for which Defendant failed to remit contributions to the fringe benefit funds set forth under Article 8.

16. Based on reports remitted to the Plaintiff Funds by Defendant, the total principal amount owed to the funds set forth under Article 8 of the CBA totaled $19,306.38.

17. While Plaintiffs have made partial payment towards the above amounts, to date, a principal delinquency in the amount of at least $16,003.73 remains due and owing to the Plaintiff Funds.

18. Pursuant to Article 8 of the CBA, liquidated damages are owed on the delinquent contributions, in the amount of $1,930.64.

19. Pursuant to the CBA, incorporated Trust Agreements, and under Section 502(g) of ERISA, Defendant is further liable to the Funds for interest on such delinquent contributions, at the rate applicable to claims brought under Section 1145 of ERISA, which continues to accrue.

20. Pursuant to the CBA, incorporated Trust Agreements, and under Section 502(g) of ERISA, Defendant is further liable to the Funds for their reasonable attorneys' fees and the costs of this action.

21. Upon information and belief, Defendant has continued to perform work covered by the CBA(s) for months following April 2025 and continues to perform such work.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a. Enter Judgment in favor of the Plaintiffs and against the Defendant for all outstanding delinquent contributions, in the amount of $16,003.73;

b. Enter Judgment in favor of the Plaintiffs and against the Defendant for liquidated damages in the amount of $1,930.64, along with interest, and the Plaintiffs' attorneys' fees and the costs of this action;

c. Granting the Plaintiffs all such other relief that the Court deems just and proper.

Dated: February 16, 2026                               Respectfully Submitted,

**BLAKE & UHLIG, P.A.**

*/s/ Brandon E. Wood*
Brandon E. Wood, NE Bar #27824
6803 West 64th Street, Suite 300
Overland Park, KS 66202
Telephone: (913) 321-8884
Facsimile: (913) 321-2396
bew@blake-uhlig.com

ATTORNEYS FOR THE PLAINTIFFS